LUCAS (DARBY v.). See Cases Nos. 3,572 and 3,573.

## Case No. 8,587.

### LUCAS et al. v. MORRIS et al.

[1 Paine, 396.] [1]

Circuit Court, S. D. New York. April Term, 1825.

BANKRUPTCY — JURISDICTION OF CIRCUIT COURT— REMOVAL OF ASSIGNEES—BILL TO COMPEL ASSIGNEES TO ACCOUNT.

1. The circuit courts have jurisdiction of matters arising under the bankrupt law, as they have of any other subject, where the constitution and laws of the United States give them jurisdiction.

[Cited in Carr v. Gale, Case No. 2,435; Payson v. Dietz, Id. 10,861.]

2. The district courts have not, like the chancellor in England, exclusive jurisdiction over the entire execution of the bankrupt law. They cannot remove the assignees, nor compel them to account.

[Explained in Morris' Estate, Case No. 9,-825.]

3. Plea to the jurisdiction by a bankrupt on a bill filed by his creditors to compel the assignees to account, overruled.

[This was a bill by John R. Lucas and others against Robert Morris and others.]

S. Jones and D. B. Ogden, for complainant.
P. C. Van Wyck and C. G. Haines, for defendant.

THOMPSON, Circuit Justice. Comfort Sands, a bankrupt, and one of the defendants in this cause, has interposed a plea in abatement to the jurisdiction of this court, alleging, that all the matters and causes of complaint in the plaintiff's bill of complaint contained, belong exclusively to the judge

---

[1] [Reported by Elijah Paine, Jr., Esq.]

of the district court of the Southern district of the state of New-York.

It is not necessary, for the purpose of disposing of the present question, that I should go into an examination of all the matters contained in the complainant's bill filed in this case, nor determine whether relief is to be given by this court to the extent asked for. If the bill embraces any matter of which this court has cognizance, the plea in abatement must be overruled, for it claims for the district judge the sole and exclusive jurisdiction of all matters comprised in the bill. Nor is it necessary for me to go into a particular examination of the extent of the authority of the district judge, under the act in relation to bankruptcies [2 Stat. 19]. I cannot, however, discover from any part of this act exclusive jurisdiction given to the district judges over the entire execution of this law. It is not claimed for them that these powers grow out of and belong to their judicial functions. But that by the act they are constituted the organs for its administration, as a system per se, and entirely independent of the ordinary powers of courts of justice. This authority is claimed to be derived principally by implication; and by analogy to like powers exercised by the chancellor of England, under the bankrupt system of that country. Without entering into an examination of the origin and progress of the powers exercised by the chancellor in England in these matters, the analogy between the powers granted to the chancellors in England under their system, and those conferred upon the district judges under our act, fails in an essential particular; and that too, in a part claimed by the former as the principal ground upon which the jurisdiction has been assumed, viz.: The authority as to the appointment and removal of the assignees. The right of compelling the assignees to account was considered as a necessary incident to the power of removal. But no such authority is vested in the district judge under our act. The assignees are to be appointed by the creditors of the bankrupt, and by them alone are they removable. Where then rests the authority of the district judge to make them account? It is not expressly given by the act. Nor is there any power over them given, to which this can be considered as incident. Where then does the authority rest to call the assignees to account? To say they are irresponsible, is a proposition not to be endured. And this must follow, unless the courts of justice in the ordinary exercise of their authority have jurisdiction in the case. Can there be a doubt but that the court of chancery of this state would entertain a suit against the assignees, should a bill be filed in that court, in a matter properly cognizable in a court of equity? And if a state court has jurisdiction, it would seem to follow as a necessary consequence, that the courts of the United States must also have

jurisdiction, whenever the case is brought within the constitution and laws of the United States. And the only inquiry would therefore seem to be, whether this is such a case. By the constitution of the United States (article 3, § 2), the judicial power, among other things, extends to all cases in law and equity, arising under the constitution and laws of the United States, when the controversy is between a citizen of the United States and a foreign citizen or subject. And by the 11th section of the judiciary act of 1789 [1 Stat. 78] it is enacted, that the circuit courts shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature at common law or in equity, when the matter in dispute exceeds the sum or value of 500 dollars, and an alien is a party.

The bill of complaint filed in this case describes the complainants as British subjects, and of course aliens, and possessing the character which entitles them to come into this court. The subject matter of the suit is properly cognizable in a court of equity. The general scope and object of the bill is to call upon the defendants as trustees to account, and to compel them to carry into execution the trust, which they have assumed as assignees of Comfort Sands, a bankrupt. The bill does not call upon this court to take cognizance of and exercise any of the powers expressly delegated to the district judge. It is, in substance only, the common and ordinary case of the exercise of the authority of a court of chancery to enforce the execution of a trust, by compelling the defendants to account for the monies, property, and effects belonging to the bankrupt's estate, which have come to their hands, and to proceed to make a dividend, and distribution thereof among the creditors of the bankrupt; as by law they are required to do. If this does not fall within the ordinary powers of the court of equity, where is relief to be had? From the opinion of the district judge, upon the petition of Comfort Sands, the bankrupt, and upon which the proceedings referred to in the plea took place, I understand the district judge to disclaim having authority to compel the assignees to make a dividend of the bankrupt's estate. The bill in this case charges the assignees with having in their hands a large sum of money to which the creditors of the bankrupt are entitled, and prays that they may be compelled to make a dividend thereof. This, then, is thus far the precise case of which the district judge disclaims having jurisdiction. There are many parts of the bankrupt law, the execution of which the powers of the district judge are inadequate to enforce, and which would remain a dead letter without the aid of other tribunals. Thus by the 8th section the creditors may remove the assignees and appoint others in their place. And the assignees so removed are required to hand

over to the new assignees all the estate and effects of the bankrupt in their possession; and on refusal they forfeit a sum not exceeding five thousand dollars for the use of the creditors, and are also liable for the property detained. In what court is a suit for the property to be sustained? It will not, I presume, be contended, that the district judge can give relief in this case. But recourse must be had to other tribunals.

The doctrine attempted to be established by the defendants' counsel, that the entire execution of the bankrupt law is committed to the district judge, is manifestly untenable. Upon the argument of the present question, no objection can be taken to the form or to the equity of the bill. If any such objections exist, they must come up in another shape. The only inquiry now is, whether this court has jurisdiction of any matter arising under the bankrupt law when the subject matter is proper for a court of equity, and the parties such as the constitution and laws of the United States require. Because the plea claims exclusive jurisdiction in the district judge, and believing as I do that this doctrine cannot be sustained, the plea in abatement must be overruled.